Rick Richmond (SBN 194962)
rrichmond@larsonllp.com
Andrew E. Calderón (SBN 316673)
acalderon@larsonllp.com
Tyler J. Franklin (SBN 324281)
tfranklin@larsonllp.com
**LARSON LLP**
555 South Flower Street, 30th Floor
Los Angeles, California 90071
Telephone:(213) 436-4888
Facsimile: (213) 623-2000

Attorneys for Defendants The Church of
Jesus Christ of Latter-day Saints and
Temple Corporation of The Church of
Jesus Christ of Latter-day Saints

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| JOHN AD DOE,<br><br>           Plaintiff,<br><br>     vs.<br><br>THE CHURCH OF JESUS CHRIST OF LATTER-DAY SAINTS, a nonprofit corporation; TEMPLE CORPORATION OF THE CHURCH OF JESUS CHRIST OF LATTER-DAY SAINTS a nonprofit corporation; THE WHITTIER CALIFORNIA STAKE, also known as THE CHURCH OF JESUS CHRIST OF LATTER-DAY SAINTS, an entity of unknown form; and DOES 1 to 100, inclusive,<br><br>           Defendants. | Case No. 2:24-cv-11055-TJH-AS<br><br>Judge: Hon. Terry J. Hatter<br>Magistrate Judge: Alka Sagar<br><br>**DEFENDANTS THE CHURCH OF JESUS CHRIST OF LATTER-DAY SAINTS AND TEMPLE CORPORATION OF THE CHURCH OF JESUS CHRIST OF LATTER-DAY SAINTS' ANSWER** |

LARSON
LOS ANGELES

DEFENDANTS THE CHURCH OF JESUS CHRIST OF LATTER-DAY SAINTS AND TEMPLE CORPORATION
OF THE CHURCH OF JESUS CHRIST OF LATTER-DAY SAINTS' ANSWER

Defendants The Church of Jesus Christ of Latter-day Saints ("Church") and Temple Corporation of The Church of Jesus Christ of Latter-day Saints ("Temple Corporation") (collectively, "Defendants") hereby answer the allegations in Plaintiff John AD Doe's Complaint as follows:

## INTRODUCTION

1.      Paragraph 1 of the Complaint is an editorial comment and not a statement of any facts relevant to this case.  To the extent a response is required, Defendants deny the allegations in Paragraph 1.

2.      Defendants deny all the allegations in Paragraph 2.

## PARTIES

3.      Defendants lack knowledge and information sufficient to respond to the allegations in Paragraph 3 and, on that basis, deny them.

4.      Paragraph 4 of the Complaint is an editorial comment and not a statement of any facts relevant to this case.  To the extent a response is required, Defendants deny the allegations in Paragraph 4.

5.      Defendants admit that the Church is a religious entity with a location in Whittier, California.  Defendants admit that the Church is a Utah corporation sole. Defendants admit that the Church operates wards, meetinghouses, congregations, temples and other houses of worship within the State of California.  Defendants admit that the Church is qualified to transact intrastate business in California. Defendants admit that the Church's principal place of business is at 50 East North Temple, Salt Lake City, State of Utah 84150.  Defendants admit that the Church is registered to do business in California.  Defendants admit that wards, stakes, and areas are ecclesiastical divisions of the Church.  Defendants deny that the Church is independently liable for its own conduct as alleged in Plaintiff's Complaint, is liable as a successor in interest to another entity, and/or is an alter ego of Defendants and, on that basis, denies these allegations.  Except as expressly admitted herein, Defendants deny all other allegations of Paragraph 5.

LARSON
LOS ANGELES

DEFENDANTS THE CHURCH OF JESUS CHRIST OF LATTER-DAY SAINTS AND TEMPLE CORPORATION OF THE CHURCH OF JESUS CHRIST OF LATTER-DAY SAINTS' ANSWER

6.    Defendants admit that Temple Corporation is a nonprofit corporation duly organized, and operating pursuant to the laws of the State of Utah.  Defendants admit that Temple Corporation owns temples within the State of California.  Defendants admit that Temple Corporation does business in California.  Defendants admit that Temple Corporation's principal place of business is 50 East North Temple, Salt Lake City, State of Utah 84150.  Defendants admit that Temple Corporation is registered to do business in California.  Defendants deny Temple Corporation is independently liable for its own conduct as alleged in Plaintiff's Complaint, is liable as a successor in interest to another entity, and/or is an alter ego of Defendants and, on that basis, denies these allegations.  Except as expressly admitted herein, Defendants deny all other allegations of Paragraph 6.

7.    Defendants admit the Whittier California Stake is part of the Church. Defendants deny all other allegations of Paragraph 7.

8.    Paragraph 8 of the Complaint is an editorial comment and not a statement of any facts relevant to this case.  To the extent a response is required, Defendants deny the allegations in Paragraph 8.

9.    Defendants lack knowledge and information sufficient to enable them to respond to the allegations in Paragraph 9 and, on that basis, deny them.

10.    Defendants deny all the allegations in Paragraph 10.

11.    Defendants admit the Church receives income from member tithes. Defendants deny all other allegations in Paragraph 11.

12.    Defendants lack knowledge and information sufficient to enable them to respond to the allegations in Paragraph 12 and, on that basis, deny all the allegations.

13.    Defendants deny all the allegations in Paragraph 13.

14.    Defendants deny all the allegations in Paragraph 14.

15.    Defendants deny all the allegations in Paragraph 15.

16.    Defendants deny all the allegations in Paragraph 16.

DEFENDANTS THE CHURCH OF JESUS CHRIST OF LATTER-DAY SAINTS AND TEMPLE CORPORATION OF THE CHURCH OF JESUS CHRIST OF LATTER-DAY SAINTS' ANSWER

17. Defendants deny all the allegations in Paragraph 17.

## PLAINTIFF'S COMPLAINT IS TIMELY PURSUANT TO C.C.P. SECTION 340.1

18. Paragraph 18 contains legal contentions to which no response is required. To the extent a response is required, Defendants deny all allegations in Paragraph 18.

19. Paragraph 19 contains legal contentions to which no response is required. To the extent a response is required, Defendants deny all allegations in Paragraph 19.

20. Paragraph 20 contains legal contentions to which no response is required. To the extent a response is required, Defendants deny all allegations in Paragraph 20.

## JURISDICTION AND VENUE

21. Paragraph 21 contains legal contentions to which no response is required. To the extent a response is required, Defendants deny all allegations in Paragraph 21.

22. Defendants lack knowledge and information sufficient to enable them to respond to the allegations in Paragraph 9 and, on that basis, deny them.

23. Defendants lack knowledge and information sufficient to respond to the allegations in Paragraph 23 and, on that basis, deny them. As this case has been removed to federal court, Defendants admit that venue is proper in the Central District of California pursuant to 28 U.S.C. § 1332(a).

## FACTUAL ALLEGATIONS

### (Common to All Causes of Action)

24. Defendants admit the allegations in Paragraph 24.

25. Defendants deny the allegations that the Quorum of the Twelve Apostles manage local leadership. Defendants otherwise admit the allegations in Paragraph 25.

LARSON
LOS ANGELES

4

DEFENDANTS THE CHURCH OF JESUS CHRIST OF LATTER-DAY SAINTS AND TEMPLE CORPORATION OF THE CHURCH OF JESUS CHRIST OF LATTER-DAY SAINTS' ANSWER

26. Defendants admit the allegations in Paragraph 26.

27. Defendants deny that the Quorums of the Seventy "exist" to assist the Quorum of the Twelve Apostles and deny that all members of the Quorums of the Seventy report directly to the Quorum of the Twelve Apostles. Defendants otherwise admit the allegations in Paragraph 27.

28. Defendants admit the allegations in Paragraph 28.

29. Defendants admit that bishops are overseen by a stake president. Defendants otherwise deny the allegations of Paragraph 29.

30. Defendants lack knowledge and information sufficient to respond to the allegations in Paragraph 30 and, on that basis, deny them.

31. Defendants lack knowledge and information sufficient to respond to the allegations in Paragraph 31 and, on that basis, deny them.

32. Defendants lack knowledge and information sufficient to respond to the allegations in Paragraph 32 and, on that basis, deny them.

33. Defendants lack knowledge and information sufficient to respond to the allegations in Paragraph 33 and, on that basis, deny them.

34. Defendants deny that they had, or should have had, unequivocal notice of Plaintiff's sexual abuse before, during, and after it occurred. Defendants lack knowledge and information sufficient to respond to the remaining allegations in Paragraph 34 and, on that basis, deny them.

35. Defendants lack knowledge and information sufficient to respond to the allegations in Paragraph 35 and, on that basis, deny them.

36. Defendants admit the Church maintains membership records that include information such as names, addresses, and family members. Defendants deny the remaining allegations in Paragraph 37.

37. Defendants admit that the Church maintains records with annotations. Defendants deny the remaining allegations in Paragraph 37.

38. Defendants deny all the allegations in Paragraph 38.

5

LARSON
LOS ANGELES

1    39.    Paragraph 39 does not contain allegations to which a response is
2    required.  To the extent a response is required, Defendants admit the quoted
3    language in the first sentence of Paragraph 39 was in a past edition of the Church's
4    general handbook of instructions.  Defendants admit *MacGregor V. Walker*, 2014
5    UT 2 112, 322 P.3d 706, 707 (2014), contains the language quoted in the second
6    sentence of Paragraph 39.  Defendants deny the remaining allegations of Paragraph
7    39.

8        40.    Defendants admit Kirton McConkie is involved in responding to calls
9    on the Church's Helpline.  Defendants deny the remaining allegations in Paragraph
10    40.

11        41.    Defendants deny all the allegations in Paragraph 41.

12        42.    Defendants admit that the Vice article cited contains the statement
13    quoted in Paragraph 42.  Defendants deny all the remaining allegations in Paragraph
14    42.

15        43.    Defendants deny all the allegations in Paragraph 43.

16        44.    Defendants deny all the allegations in Paragraph 44.

17        45.    Defendants deny all the allegations in Paragraph 45.

18        46.    Defendants deny all the allegations in Paragraph 46.

19        47.    Defendants deny all the allegations in Paragraph 47.

20        48.    Defendants deny all the allegations in Paragraph 48.

21        49.    Defendants deny all the allegations in Paragraph 49.

22        50.    Defendants deny all the allegations in Paragraph 50.

23        51.    Defendants deny all the allegations in Paragraph 51.

24        52.    Defendants deny all the allegations in Paragraph 52.

25        53.    Defendants deny all the allegations in Paragraph 53.

26        54.    Defendants deny all the allegations in Paragraph 54.

27        55.    Defendants deny all the allegations in Paragraph 55.

28        56.    Defendants deny all the allegations in Paragraph 56.

DEFENDANTS THE CHURCH OF JESUS CHRIST OF LATTER-DAY SAINTS AND TEMPLE CORPORATION OF THE CHURCH OF JESUS CHRIST OF LATTER-DAY SAINTS' ANSWER

57.     Defendants deny all the allegations in Paragraph 57.

## FIRST CAUSE OF ACTION

## NEGLIGENCE

## (Plaintiff Against LDS DEFENDANTS and DOES 2-100)

58.     Defendants incorporate their responses to each allegation in Paragraphs 1 through 57 above as if set forth herein.

59.     Defendants deny all the allegations in Paragraph 59.

60.     Defendants deny all the allegations in Paragraph 60.

61.     Defendants deny all the allegations in Paragraph 61.

62.     Defendants deny all the allegations in Paragraph 62.

63.     Defendants deny all the allegations in Paragraph 63.

## SECOND CAUSE OF ACTION

## NEGLIGENT SUPERVISION OF A MINOR

## (Plaintiff Against LDS DEFENDANTS and DOES 2-100)

64.     Defendants incorporate their responses to each allegation in Paragraphs 1 through 63 above as if set forth herein.

65.     Defendants deny all the allegations in Paragraph 65.

66.     Defendants deny all the allegations in Paragraph 66.

67.     Defendants deny all the allegations in Paragraph 67.

68.     Defendants deny all the allegations in Paragraph 68.

69.     Defendants deny all the allegations in Paragraph 69.

70.     Defendants deny all the allegations in Paragraph 70.

## THIRD CAUSE OF ACTION

## SEXUAL ABUSE OF A MINOR

## (Plaintiff Against All Defendants and DOES 1-100)

71.     Defendants incorporate their responses to each allegation in Paragraphs 1 through 70 above as if set forth herein.

72.     Defendants deny all the allegations in Paragraph 72.

LARSON
LOS ANGELES

7
DEFENDANTS THE CHURCH OF JESUS CHRIST OF LATTER-DAY SAINTS AND TEMPLE CORPORATION OF THE CHURCH OF JESUS CHRIST OF LATTER-DAY SAINTS' ANSWER

73. Defendants deny all the allegations in Paragraph 73.

74. Defendants deny all the allegations in Paragraph 74.

75. Defendants deny all the allegations in Paragraph 75.

76. Defendants deny all the allegations in Paragraph 76.

## FOURTH CAUSE OF ACTION

## NEGLIGENT HIRING, SUPERVISION & RETENTION OF AN UNFIT EMPLOYEE

### (Plaintiff Against LDS DEFENDANTS and DOES 2-100)

77. Defendants incorporate their responses to each allegation in Paragraphs 1 through 76 above as if set forth herein.

78. Defendants deny all the allegations in Paragraph 78.

79. Defendants deny all the allegations in Paragraph 79.

80. Defendants deny all the allegations in Paragraph 80.

81. Defendants deny all the allegations in Paragraph 81.

82. Defendants deny all the allegations in Paragraph 82.

83. Defendants deny all the allegations in Paragraph 83.

84. Defendants deny all the allegations in Paragraph 84.

85. Defendants deny all the allegations in Paragraph 85.

86. Defendants deny all the allegations in Paragraph 86.

## FIFTH CAUSE OF ACTION

## NEGLIGENT FAILURE TO WARN, TRAIN, OR EDUCATE

### (Plaintiff Against The LDS DEFENDANTS and DOES 2-100)

87. Defendants incorporate their responses to each allegation in Paragraphs 1 through 86 above as if set forth herein.

88. Defendants deny all the allegations in Paragraph 88.

89. Defendants deny all the allegations in Paragraph 89.

90. Defendants deny all the allegations in Paragraph 90.

91. Defendants deny all the allegations in Paragraph 91.

LARSON
LOS ANGELES

DEFENDANTS THE CHURCH OF JESUS CHRIST OF LATTER-DAY SAINTS AND TEMPLE CORPORATION OF THE CHURCH OF JESUS CHRIST OF LATTER-DAY SAINTS' ANSWER

92.    Defendants deny all the allegations in Paragraph 92.

## SIXTH CAUSE ACTION

## BREACH OF MANDATORY DUTY:

## FAILURE TO REPORT SUSPECTED CHILD ABUSE

### (Plaintiff Against the LDS DEFENDANTS and DOES 2-100)

93.    Defendants incorporate their responses to each allegation in Paragraphs 1 through 92 above as if set forth herein.

94.    Defendants deny all the allegations in Paragraph 94.

95.    Defendants deny all the allegations in Paragraph 95.

96.    Defendants deny all the allegations in Paragraph 96.

97.    Defendants deny all the allegations in Paragraph 97.

98.    Defendants deny all the allegations in Paragraph 98.

## SEVENTH CAUSE ACTION

### (Battery)

### (Against DOE 1, Amy Last Name Unknown)

99.    This cause of action does not apply to the Church and Temple Corporation.  To the extent a response is required, Defendants incorporate their responses to each allegation in Paragraphs 1 through 98 above as if set forth herein.

100.    This cause of action does not apply to the Church and Temple Corporation.  To the extent a response is required, Defendants lack knowledge and information sufficient to respond to the allegations in Paragraph 100 and, on that basis, deny them.

101.    This cause of action does not apply to the Church and Temple Corporation.  To the extent a response is required, Defendants lack knowledge and information sufficient to respond to the allegations in Paragraph 101 and, on that basis, deny them.

LARSON
LOS ANGELES

DEFENDANTS THE CHURCH OF JESUS CHRIST OF LATTER-DAY SAINTS AND TEMPLE CORPORATION OF THE CHURCH OF JESUS CHRIST OF LATTER-DAY SAINTS' ANSWER

## EIGHTH CAUSE ACTION

### (Assault)

### (Against DOE 1, Amy Last Name Unknown)

102.   This cause of action does not apply to the Church and Temple Corporation.  To the extent a response is required, Defendants incorporate their responses to each allegation in Paragraphs 1 through 101 above as if set forth herein.

103.   This cause of action does not apply to the Church and Temple Corporation.  To the extent a response is required, Defendants lack knowledge and information sufficient to respond to the allegations in Paragraph 103 and, on that basis, deny them.

104.   This cause of action does not apply to the Church and Temple Corporation.  To the extent a response is required, Defendants lack knowledge and information sufficient to respond to the allegations in Paragraph 104 and, on that basis, deny them.

105.   This cause of action does not apply to the Church and Temple Corporation.  To the extent a response is required, Defendants lack knowledge and information sufficient to respond to the allegations in Paragraph 105 and, on that basis, deny them.

106.   This cause of action does not apply to the Church and Temple Corporation.  To the extent a response is required, Defendants lack knowledge and information sufficient to respond to the allegations in Paragraph 106 and, on that basis, deny them.

## PLAINTIFF'S PRAYER FOR RELIEF

Defendants deny Plaintiff is entitled to any relief contained in his Prayer for Relief.

## AFFIRMATIVE DEFENSES

1.   Plaintiff is precluded from recovering against Defendants because the allegations do not support a legal theory upon which relief may be granted.

10

LARSON
LOS ANGELES

DEFENDANTS THE CHURCH OF JESUS CHRIST OF LATTER-DAY SAINTS AND TEMPLE CORPORATION OF THE CHURCH OF JESUS CHRIST OF LATTER-DAY SAINTS' ANSWER

2.    Plaintiff is precluded from recovering from Defendants because no conduct of Defendants was the legal cause of any alleged harm or damage to Plaintiff.

3.    Plaintiff's claims for damages against Defendants arising out of alleged tortious conduct on behalf of Defendants are barred because no special relationship exists between the Defendants and Plaintiff, barring any affirmative legal duty owing from Defendants to Plaintiff.

4.    The conduct of others, including, but not limited to, Plaintiff's parents/legal guardians or the alleged perpetrator, is a supervening and superseding cause of Plaintiff's damages.

5.    Plaintiff's causes of action, and each of them, are barred, in whole or in part, because Defendants were not mandated reporters at the time of the alleged conduct or were exempt from reporting under California Penal Code sections 11165.7 and 11166.

6.    Plaintiff's causes of action, and each of them, are barred, in whole or in part, because Defendants had no notice of the alleged conduct.

7.    Plaintiff's causes of action, and each of them, are barred, in whole or in part, because Defendants took reasonable actions to prevent abuse.

8.    Plaintiff's causes of action, and each of them, are barred, in whole or in part, because there is no vicarious liability for sexual conduct under California law.

9.    Plaintiff's damages are subject to comparative fault, including that of others who were not under the control of Defendants, and Defendants' liability, if any, must be reduced in proportion to such comparative fault, including that of all third persons.

10.    Plaintiff's causes of action, and each of them, are barred, in whole or in part, by the doctrine of unclean hands.

11.    Plaintiff's causes of action, and each of them, are barred, in whole or in part, by the doctrine of waiver.

DEFENDANTS THE CHURCH OF JESUS CHRIST OF LATTER-DAY SAINTS AND TEMPLE CORPORATION OF THE CHURCH OF JESUS CHRIST OF LATTER-DAY SAINTS' ANSWER

12.    Plaintiff's claims are barred by sections 335.1 and 340.1 of the California Code of Civil Procedure.

13.    Plaintiff's causes of action, and each of them, are barred, in whole or in part, by the doctrine of laches.

14.    Plaintiff's causes of action, and each of them, are barred, in whole or in part, by the doctrine of estoppel.

15.    Defendants are entitled to an offset or credit for the full amount of all monies received by Plaintiff, either directly or indirectly.

16.    Plaintiff or third parties failed and neglected to use reasonable care to minimize and mitigate the losses and damages of which he complains and therefore cannot recover against Defendants whether as alleged or otherwise.

17.    Plaintiff's damage claims are barred to the extent that Plaintiff's damages, if any, are the proximate result of the conduct or failures of third parties over which Defendants have and had no control.

18.    Plaintiff's damage claims against Defendants are barred, in whole or in part, because they are speculative.

19.    Plaintiff's claims for damages against Defendants are barred to the extent his claims rely upon confidential information or communications protected by any evidentiary privilege, such as the attorney-client privilege, the work product doctrine, or the priest-penitent privilege, and any other privilege at common law or found in statute.

20.    Plaintiff's causes of action, and each of them, are barred, in whole or in part, because Plaintiff failed to join an indispensable party.

21.    Plaintiff's claims for damages against Defendants arising out of alleged tortious conduct on behalf of Defendants may be barred by the First Amendment to the Constitution of the United States.

LARSON
LOS ANGELES

22.     Any alleged injury suffered by Plaintiff is the proximate result of the failure, neglect, omissions, negligence or acts of the Plaintiff and on that basis Plaintiff is barred from any claims or relief.

23.     Plaintiff's claims for damages against Defendants arising out of alleged tortious conduct on behalf of Defendants may be barred by the Article 1, Section 4, California Constitution.

24.     Plaintiff's allegations do not support grounds for punitive or exemplary damages and Plaintiff has not complied with California Code of Civil Procedure section 425.14.

25.     Plaintiff's claims are barred by the 14th Amendment of the United States Constitution because the events at issue happened so long ago, it is unjust, unreasonable, and prejudicial to Defendants to require them to defend themselves from stale claims when relevant evidence and witnesses may be unavailable.

26.     Plaintiff's prayer for attorney's fees is barred because there is no contractual or statutory basis for such relief in this action.

27.     Defendants have or may have additional defenses that cannot be articulated due to Plaintiff's failure to particularize his claims and due to Plaintiff's failure to provide more specific information concerning the nature of the damage claims and claims for certain costs for which Plaintiff alleges that Defendants may have some responsibility.  Therefore, Defendants reserve the right to assert additional defenses upon further particularization or clarification of Plaintiff's claims, upon examination of the documents provided, upon discovery of information concerning the alleged damage claims and claims for costs, and upon the development of other pertinent information.

## **PRAYER FOR RELIEF**

Defendants pray that Plaintiff recovers nothing by way of his Complaint against Defendants, and that said Complaint be dismissed with prejudice against Defendants.  Additionally, Defendants request they be awarded their costs

13

LARSON
LOS ANGELES

DEFENDANTS THE CHURCH OF JESUS CHRIST OF LATTER-DAY SAINTS AND TEMPLE CORPORATION OF THE CHURCH OF JESUS CHRIST OF LATTER-DAY SAINTS' ANSWER

1  incurred herein.  Defendants also ask that the Court award such other and further

2  relief as it deems just and equitable.

3

4  Dated:  January 14, 2025            LARSON LLP

5

6

7                                             By:  _____/s/ Rick Richmond_____

8                                                   Rick Richmond
                                                    Andrew E. Calderón
9                                                   Tyler J. Franklin
                                             Attorneys for Defendants The Church of Jesus
10                                            Christ of Latter-day Saints and Temple
                                             Corporation of The Church of Jesus Christ of
11                                            Latter-day Saints

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

14